PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 138]

Name of Offender: <u>Jesse Jennings Weston</u>   Case Number: <u>3:08-00064-02</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>September 30, 2011</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) and 846 Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine</u>

Original Sentence: <u>Time served, five years of supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>September 30, 2011</u>

Assistant U.S. Attorney: <u>Brent A. Hannafan</u>   Defense Attorney: <u>Michael Holley</u>

---

### PETITIONING THE COURT
___ To issue a Summons.
___ To issue a Warrant.
_X_ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ Consideration of Additional Violations/Information
☐ Other

Considered this 28th day of February, 2014, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Eric Illarmo
U.S. Probation Officer

Place    Nashville, TN

Date    February 27, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 138, has been amended as follows:

Violation No. 2 - has been amended to include an additional positive drug screen.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.  Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**

    The defendant violated this condition as evidenced by his arrest on Friday, January 31, 2014, for driving under the influence and implied consent violation.

    According to the arrest affidavit, on January 31, 2014, at about 9:30 p.m., a security officer employed at the Opry Hills Mall observed the defendant operating a vehicle in the mall parking lot that was dragging another car's bumper. The security officer stopped and interviewed the defendant, who appeared to be frantic and spoke about needing to get gas. The defendant appeared to be unaware he was dragging the bumper. The defendant brought the security officer back to his parking spot, which was approximately 200 yards from where he had been stopped. At that location, it was determined that the defendant backed his vehicle into a 2003 Honda Civic and removed the back bumper. The defendant was advised of his rights and admitted to taking two Hydrocodone pills prior to driving. He also stated that he was aware of the accident and was in the process of returning to the scene when he was stopped. He stated he was unaware of the bumper attached to his vehicle. A field sobriety test showed some indications of intoxication. The defendant was arrested and read the implied consent advisement. He refused to submit to a blood test. The defendant's case is pending, under Davidson County General Sessions Court Case Number GS664322.

    On February 5, 2014, the defendant reported to the probation office and indicated that, on the date of his arrest, he took Hydrocodone, for which he provided a medicine bottle. After a drug test indicated a positive for Methamphetamine/Amphetamine, he indicated that, prior to his arrest, he took two pills, which he believed were the street drug known as "Ecstasy." He admitted to taking two more the following day before work, as he was "sluggish" as a result of his incarceration the previous night.

    Additionally, the defendant violated this condition by committing a new crime, as evidenced by his conviction for Possession of a Legend Drug Without a Prescription, a misdemeanor, on November 7, 2013. This conviction resulted from an arrest on July 18, 2013, which was previously reported to the Court via Document 137. On February 5, 2014, the defendant confirmed that he pled guilty as charged.

2. **The defendant shall refrain from any unlawful use of a controlled substance.**

    The defendant violated this condition as evidenced by a positive drug test, administered on February 5, 2014. The test was positive for Methamphetamine/Amphetamine. He admitted to taking two doses of the street drug known as "Ecstasy" on January 31, and two more on February 1, 2014. It should be noted that the defendant initially stated he used Adderall but recanted when he was informed that his urine sample would be sent to the national lab for

testing. He was also observed using countermeasures while testing. Specifically, he collected a sample from the middle of his urine stream. When confronted, he admitted this was an attempt to obtain a false negative result.

The defendant, again, violated this condition as evidenced by a positive drug test, administered on February 25, 2014. The test was positive for Amphetamine. He admitted to inhaling one line of Methamphetamine the previous week after drinking alcohol. It should be noted that the defendant failed to report for a drug test as directed on February 24, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Jesse Jennings Weston began his term of supervised release on September 30, 2011, and is scheduled to complete his term on September 29, 2016. He is currently employed by TGI Fridays.

The defendant was referred for treatment in March 2012; however, no treatment was recommended at that time. Given his recent behavior and arrests, he was referred back to Centerstone Mental Health for substance abuse treatment.

**Update of Offender Characteristics:**
On February 25, 2014, the defendant reported on a Summons and attended an Initial Appearance in Magistrate Judge John S. Bryant's courtroom. Michael Holley, of the Federal Public Defender's Office, was appointed to represent the defendant.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that this additional information be considered when Mr. Jesse Jennings Weston appears before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _/s/ Britton Shelton_
Britton Shelton
Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. JESSE JENNINGS WESTON, CASE NO. 3:08-00064-02

GRADE OF VIOLATION: C
CRIMINAL HISTORY: IV

ORIGINAL OFFENSE DATE: POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 6 to 12 months U.S.S.G. §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. 3583(h) | 2 to 5 years U.S.S.G. §5D1.2(a)(1) | No recommendation |

Revocation is mandatory if the defendant possesses a controlled substance in violation of the mandated standard conditions, 18 U.S.C. § 3583(g)(1). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

*Eric Illarmo*
Eric Illarmo
U.S. Probation Officer

Approved:

*Britton Shelton*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   Jesse Jennings Weston

2. Docket Number (Year-Sequence-Defendant No.)   3:08-00064-02

3. District/Office   Middle District of Tennessee

4. Original Sentence Date   September 30, 2011
   *month  day  year*

(if different than above):

5. Original District/Office   Same as above

6. Original Docket Number (Year-Sequence-Defendant No.)   Same as above

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Commission of New Crimes | C |
| Illegal Drug Use | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   | C |

9. Criminal History Category (see §7B1.4(a))   | IV |

10. Range of Imprisonment (see §7B1.4(a))   | 6-12 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   ■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f).

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($): 0              Community Confinement:    0

    SA($):          0              Home Detention:           0

    Other:          0              Intermittent Confinement: 0

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90